```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**KENNETH D. BARNES**                                          **PLAINTIFF**

**VS.**                        **CIVIL ACTION NO. 3:05CV466-WHB-JCS**

**THE CITY OF JACKSON, ET AL**                                **DEFENDANTS**

___

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court on the Motion to Dismiss filed by the Defendants on May 8, 2006, document number 16. The case was referred to the undersigned by District Judge William H. Barbour, Jr., by Order entered February 24, 2006. The Plaintiff filed his complaint on July 28, 2005, while he was incarcerated in the Hinds County Jail. He has since been released from jail.

According to the Complaint, on March 30, 2004, the Defendant Johnson "wrote a statement against [him] alleging that he shot (Mr. Johnnie Stevenson) on March 25, 2004, under false pretense as if he was (Mr. Stevenson) giving the statement." The Plaintiff charges that Johnson and the police maliciously prosecuted him on this charge because of "spite and with malice" towards a family member of his, Antonio Barnes. They had previously arrested Antonio for capitol murder but he was released after filing a lawsuit against them. According to the Plaintiff, they prosecuted him only because of their malice regarding Antonio's situation. The claims against the Defendants are summarized by the Plaintiff in the complaint as defamation of character, false pretense, harassment, false arrest

1

and statements, unlawful entry, illegal arrest, perjury, trespassing, and pain and suffering.

The Defendants contend that the Plaintiff's claims against them are intentional torts, which must be filed within one year after the cause of action accrued under Miss. Code § 11-46-11(3) (Rev. 2000). Section 11-46-11(3) provides that all actions must be "commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct...." The Plaintiff states that the wrongful acts occurred on March 30, 2004, and April 2, 2004. Yet, the complaint was signed on May 1, 2005, and not filed until July 28, 2005.

Under Mississippi law regarding intentional torts, the Defendant's interpretation would be correct. However, the Plaintiff filed suit pursuant to 42 U.S.C. §1983, which provides no specified federal statute of limitations. For claims made pursuant to this civil rights statute, the limitations period is governed by the law of the state in which the action is filed. Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992).

However, federal law governs the characterization of a section 1983 claim for limitations purposes, and the Supreme Court has held that a "simple, broad" characterization of all section 1983 claims for limitations purposes best fits the statute's remedial purposes. Wilson v. Garcia, 471 U.S. 261, 272, 279-280 (1985). Specifically the Court found that the characterization of all section 1983

actions as involving claims for personal injuries minimizes the risk that the choice of a state statute would not fairly serve the federal interests vindicated by the act. *Id*. Therefore, the law is that each state's personal injury statute is the appropriate statute of limitations period to apply in section 1983 cases.

To determine the applicable statute, "federal courts borrow the forum state's general or residual personal injury limitations period." Rodriguez, 963 F.2d at 803; Owens v. Okure, 488 U.S. 235, 249-50 (1989). For cases brought in Mississippi, the three year statute of limitations of Miss. Code Ann. § 15-1-49 (Supp. 2005) applies. James v. Sadler, 909 F.2d 834, 836 (5th Cir. 1990); Shelby v. McAdory, 781 F.2d 1053, 1054 (5th Cir. 1986).

The Plaintiff's complaint was filed within three years of when the cause of action accrued. It is therefore the recommendation of the undersigned United States Magistrate Judge that the Defendants' Motion to Dismiss [#16], filed May 8, 2006, be **denied.**

The parties are notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 14th day of June, 2006.

```
                    S/ James C. Sumner
              UNITED STATES MAGISTRATE JUDGE
```