IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**KENNETH D. BARNES**                                                                                           **PLAINTIFF**

**VS.**                                                                                   **CIVIL ACTION NO. 3:05CV466BA**

**CITY OF JACKSON, MS; DEXTER
JOHNSON and RUBEN CURRY**                                                                       **DEFENDANTS**

### OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 26th day of February, 2007, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorney Mark E. McLeod. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Additionally, during the hearing, the parties executed a Consent to the Exercise of Jurisdiction by United States Magistrate Judge. The Plaintiff claims that he was arrested on March 30, 2004, without probable cause and in retaliation for the activities of another family member. He believes that there was a conspiracy

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

between the Defendants and a detective investigating an assault. He claims that Curry and Johnson gave false statements regarding the charges against him. Barnes was arrested and held for eighteen months on a charge of shooting another man, but he was released after authorities failed to give him a speedy trial. Barnes also claims that excessive force was used during the arrest, during which he attempted to flee by running out the back door and over a fence. Curry had apprehended him and handcuffed him when he was maced. He was then put in the back of a police car, in the sun, with no air conditioning, where he had difficulty breathing. Paramedics later took alcohol pads and wiped his eyes. Barnes admits that there was no lasting effects from the mace. At the time he filed the Complaint, the Plaintiff was incarcerated at the Hinds County Detention Center, but he has since been released from custody.

2. **DISCOVERY ISSUES and PENDING MOTION**

The Defendants are directed to provide to the Plaintiff any statements or other documents that resulted in the Plaintiff's arrest. They are also directed to provide to the Plaintiff copies of any motions, orders or judgments that supported the Plaintiff's release from custody. The Defendants should provide copies of any medical records that reflect treatment for injuries suffered during his arrest. The Defendants shall present these records at trial for the benefit of the court and all parties. All documents ordered to be provided to the Plaintiff shall be produced on or before April 16, 2007. There are no other discovery matters pending, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

3. **TRIAL WITNESSES**

The Plaintiff did not request the attendance of any inmate witnesses. The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the deadline for filing motions in this matter is April 30, 2007. The trial of this action will be set after the resolution of all motions.

IT IS SO ORDERED, this the 19th day of March, 2007.

                                                                        S/Linda R. Anderson
                                         UNITED STATES MAGISTRATE JUDGE